

THE CITY OF NEW YORK

MICHAEL A. CARDOZO
*Corporation Counsel*

LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

BENJAMIN E. STOCKMAN
*Assistant Corporation Counsel*
(212) 788-1177
(212) 788-9776 (fax)
bstockma@law.nyc.gov

*Application granted.*
SO ORDERED:

WILLIAM H. PAULEY III  U.S.D.J.
7/28/2008

July 23, 2008

**BY HAND**
Honorable William H. Pauley, III
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  Eric J. Lesane v. C.O. Ayoub, et al.
     08 Civ. 4833 (WHP)

Your Honor:

      I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, assigned to the defense of the above-referenced matter. According to a review of the Court's docket sheet, defendant Khalid Ayoub was served with the summons and complaint on June 17, 2008 and his response to the complaint was due on July 7, 2008, although this was not posted on the docket sheet until July 21, 2008. While defendant Ayoub sent a request for representation to this office, it did not reach my desk until late last week. Without appearing or making any representations on behalf of defendant Ayoub as to the adequacy of service or otherwise, I write to respectfully request that his time to respond to the complaint in this action be extended sixty days from July 7, 2008 until September 5, 2008[1] in order to ensure that his defenses are not jeopardized while representational issues are being

---

[1] On information and belief, the New York City Department of Correction has not been served with a copy of the summons and complaint. A review of the Court's docket sheet reveals that defendant Jackson has not been served with the summons and complaint in this matter either. Without appearing or making any representations on her behalf, it is respectfully requested that, if she is served, the same extension be granted to her in order to ensure that her defenses are not jeopardized while representational issues are being decided.

decided. Plaintiff is incarcerated and proceeding *pro se*; therefore, this request is made directly to the Court. I apologize to the Court for the tardiness of this request.

Plaintiff alleges that on April 15, 2007, he was subjected to excessive force when his arm was arm slammed in the feeding slot of his cell by defendant Ayoub at the George R. Vierno Detention Center on Rikers Island. Plaintiff further alleges that defendants failed to provide him with medical care for the alleged injuries he suffered as a result of his arm being slammed in the cell.

There are several reasons for seeking an enlargement of time in this matter. First, the extension should allow time for this office to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent the individually named defendants. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

Second, should representation be extended to the individual defendants, in accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. In this case, plaintiff alleges that he was subjected to excessive force and that he was denied medical care. Accordingly, it is necessary for our office to acquire as much information as possible concerning this matter in order to properly assess the case and respond to the complaint. To this end, our office has forwarded to plaintiff for execution a medical release. This executed release is necessary for our office to obtain the medical records pertaining to plaintiff's alleged injury and treatment.

No previous request for an extension has been made in this action. Accordingly, we respectfully request that defendants' time to respond to the complaint be extended until September 5, 2008.

I thank the Court for its time and consideration of this request.

Respectfully submitted,

Benjamin E. Stockman
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   Eric Lesane, *pro se* (via First Class Mail)
      #2410517065
      Otis Bantum Correction Center
      16-00 Hazen Street
      East Elmhurst, NY 11370